# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

In re: JAMES A. ANDREWS,　　　　　　　　　　　　Case No. 1:11-mc-45

　　Petitioner.　　　　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

## REPORT AND RECOMMENDATION

On August 29, 2011, James A. Andrews filed a *pro se* Rule 27 Petition seeking to compel the Internal Revenue Service to produce a document and/or to perpetuate testimony of an Internal Revenue Service employee. (Doc. 1). This civil action is before the Court on Andrews' Petition, as well as the United States' motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). The motions have been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I now recommend that Andrews' Rule 27 Petition be DENIED and the United States' motion to dismiss be GRANTED.[1]

**I. Applicable Law**

Under certain circumstances, Rule 27 of the Federal Rules of Civil Procedure allows a party to perpetuate deposition testimony before an action is filed. To maintain an action under Rule 27, the petitioner must satisfy the following requirements: (1) demonstrate that he expects to bring an action cognizable in the federal courts, but cannot currently do so; (2) explain the subject matter of the expected action; (3) describe the facts he intends to

---

[1] Also pending before the Court is Andrews' motion and application for default judgment. (Doc. 5). In light of the Court's recommendation that the United States' motion to dismiss be granted, Andrews' motion and application for default should be denied as moot.

establish through the desired testimony and the reasons for needing to perpetuate that testimony; (4) identify the adverse parties in the expected action and the parties to be deposed; and (5) serve the petition in accordance with applicable rules. Fed. R. Civ. P. 27(a)(1)-(2). The petitioner must also show that "the perpetuation of the testimony may prevent a failure or delay of justice . . ." Fed. R. Civ. P. 27(a)(3).

Furthermore, the testimony to be perpetuated "must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999). Notably, a risk of permanent loss of the desired testimony must be demonstrated. *Penn Mutual Life Ins. Co.* v. U.S., 68 F.3d 1371, 1374-75 (D.C. Cir. 1995). A witness' age or health concerns are frequently accepted grounds for concluding that a perpetuation of testimony is necessary. *Id.; see also Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967); *In re Amenia*, 200 F.R.D. 200, 202-03 (S.D.N.Y. 2001). Finally, Rule 27 requires that the expected testimony be set forth in some detail because a preservation deposition may not be used as a substitute for discovery. *See In re Ramirez*, 241 F.R.D. 595 (W.D. Tex. 2006) (citing *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975); *In re Ford*, 170 F.R.D. 504 (M.D. Ala. 1997); 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2071). In the absence of special circumstances, Rule 27 petitions ordinarily have been denied. *In re Sommerville*, 08-cv-206, 2008 WL 2559243 (E.D. Ky. July 16, 2008 (citations omitted).

**II. Background and Analysis**

In June 2011, Andrews submitted a FOIA request to the Internal Revenue Service in an attempt to obtain a copy of Form 11369[2] that he previously submitted to the IRS. (Doc. 1). As of the filing date of the Petition, the IRS had not responded to Andrews' FOIA request. Invoking Rule 27, Andrews now seeks to depose an IRS employee that may have information relevant to his Form 11369, namely an "Informant Claims Examiner, IRS Cincinnati Campus, Cincinnati, OH 45999." (Doc. 1 at ¶ 8). Andrews further asserts that once he can retain an attorney, he "hopes" to bring suit under the Freedom of Information Act (FOIA) in order to obtain his Form 11369. (Doc. 1 at ¶ 2). In response to Andrews' Petition, the United States filed a motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 6). The United States contends that Andrews' Petition fails to meet the essential requirements of Rule 27. The undersigned agrees.

First, Andrews fails to show that he is currently unable to bring suit. *See* Fed. R. Civ. P. 27(a)(1). Andrews alleges that he "hopes" to file a FOIA action after he retains counsel. However, as noted by the United States, Andrews filed the instant action *pro se,* and has filed previous *pro se* suits in the past, including a FOIA action. *See Andrews v. Commissioner of IRS*, Civ. No. 1:98-cv-02497-TPJ (D.D.C. 1998); *Andrews v. I.R.S.*, Civ.

---

[2] Individuals may submit information to the IRS about possible violations of the internal revenue laws by third parties, and may, at the IRS's discretion and if certain criteria are met, receive a reward for the submitted information. Form 11369 is the document that may be used to evaluate a specific claim to determine whether an informant should receive such an award. (Doc. 7) (citing Internal Revenue Manual § 25.2.2). Here, based on other correspondence the IRS has received from Andrews, the United States asserts that Andrews appears to believe that his request for a reward was approved, but that some impropriety on the part of the IRS has prevented him from receiving his reward. (Doc. 7 at 7).

No. 1:00-cv-02702-TPJ (D.D.C. 2000); *Andrews v. Internal Revenue Service*, Civ. No. 02-0973-TPJ (D.D.C. 2002). As such, the fact that Andrews has yet to retain counsel does not demonstrate an inability to bring suit at this time. Next, Andrews fails to allege that there is an immediate risk of permanent loss of the desired testimony. *See Penn Mutual,* 68 F.3d at 1374-75. Notably, Andrews' Petition fails to identify a specific deponent and generally seeks only to depose an unnamed "Informant Claims Examiner." The Petition does not contend that the proposed deponent's age or health mandates the immediate need for such testimony. Finally, Andrews' petition fails to include any allegations establishing that without the perpetuation of such testimony, a failure or delay of justice would occur. *See Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003).

As indicated by the United States, Andrews' Petition appears to be an apparent attempt to bypass the filing of a FOIA action in order to obtain the requested document.[3] However, Rule 27 is not a substitute for discovery. *In re Kunimoto*, Civ. A. No. 96MS232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (dismissing petition that improperly sought discovery); *United States v. Van Rossem*, 180 F.R.D. 245, 247 (W.D.N.Y. 1998) (denying motion under Rule 27(b) that sought interrogatories and requests for production). Moreover, "[d]iscovery is generally unavailable in FOIA actions". *CareToLive v. U.S. Food and Drug Admin.*, 2:08-cv-005, 2009 WL 1794489, at *6 (S.D. Ohio June 23, 2009) (quoting *Wheeler v. CIA,* 271 F.Supp.2d. 132, 139 (D.D.C. 2003).

For these reasons, the undersigned finds that Andrews' Rule 27 Petition fails to state

---

[3] It appears that the document Andrews seeks does not exist. On October 4, 2011, the IRS responded to Andrews FOIA request and informed him that his request for an informant reward was denied and that the claim file was destroyed in 2008 in accordance with the Service's records retention schedule. (*See* Doc. 7, Ex. 1).

a claim upon which relief may be granted and is therefore properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III. Conclusion**

Based on the foregoing, the Court hereby **RECOMMENDS** that: 1) Andrews' Rule 27 Petition (Doc. 1) be **DENIED**; 2) Andrews' motion and application for default judgment (Doc. 5) be **DENIED as Moot**; 3) the United States' motion to dismiss the Petition (Doc. 6) be **GRANTED**; and 4) this matter be **TERMINATED** on the active docket of the Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

In re: JAMES A. ANDREWS,　　　　　　　　　　　　Case No. 1:11-mc-45

　　Petitioner.　　　　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).