```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|                         |   |                    |
|-------------------------|---|--------------------|
| IN RE: JAMES A. ANDREWS,| : | NO. 1:11-MC-00045  |
|     Petitioner,         | : |                    |
|         vs.             | : | **OPINION AND ORDER** |
| UNITED STATES,          | : |                    |
|     Respondent.         | : |                    |

This matter is before the Court on the Magistrate Judge's December 2, 2011 Report and Recommendation (doc. 11), Petitioner's Objection (doc. 12), and the government's Reply (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects and DISMISSES this matter from the Court's docket.

**I. Background**

This matter concerns Petitioner's pro se Fed. R. Civ. P. 27 Petition seeking to compel the Internal Revenue Service to produce a document and/or perpetuate the testimony of an I.R.S. employee (doc. 11). Petitioner has further moved for default judgment against the government (doc. 5).

Petitioner appears to seek a copy of a Form 11369 that he previously submitted to the IRS, about possible tax violations by a third party (doc. 11). Petitioner seems to believe his request for a reward for having reported such alleged violations was

approved, but some impropriety on the part of the IRS has prevented him from receiving his award (Id.). Petitioner indicates he hopes to file a Freedom of Information Act ("FOIA") request for the Form, and that should he be permitted to depose an IRS employee who might have information regarding his form (Id.).

The United States has moved to dismiss the action for failure to state a claim (doc. 6). The government contends the Petition fails to meet the essential requirements of Rule 27 (doc. 11). The government further indicates it answered Petitioner's previous FOIA request, told him his request for an award had been denied, and further that the claim file was destroyed in 2008, in accordance with the IRS's records retention schedule (Id.).

The Magistrate Judge agreed with the United States and recommended the Court grant the government's motion and dismiss this action (doc. 11). Petitioner filed his Objection (doc. 12), and the government its Response (doc. 14) such that this matter is ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reviewed the requirements of Rule 27, which allows a party to perpetuate deposition testimony before an action is filed (doc. 11). To comport with Rule 27 a party must 1) demonstrate he expects to bring an action in the federal courts but cannot currently do so, 2) explain the subject matter of the expected action, 3) describe the facts he intends to establish

through the desired testimony and the reasons for needing to perpetuate that testimony, 4) identify the adverse parties and the parties to be deposed, and 5) serve the petition in accordance with the applicable rules (Id. citing Fed. R. Civ. P. 27). The Magistrate Judge found Petitioner has failed to show he is unable to bring suit, as he has previously filed FOIA claims (Id.). Moreover, the Magistrate Judge found Petitioner has not shown a risk of immediate risk of permanent loss of the desired testimony (Id.). In addition, the Magistrate Judge noted Petitioner has failed to identify a specific deponent, has not contended such deponent's age or health mandates the need for such testimony, and has failed to allege that without such testimony, a failure or delay of justice would occur (Id.). The Magistrate Judge accepted the government's argument that Petitioner's Petition appears to be an improper attempt to bypass the filing of an FOIA action in order to obtain the requested document (Id. citing In re Kunimoto, Civ. A. No. 96MS232, 1996 WL 622094 at *3 (D.D.C. Oct. 16, 1996)). For all of such reasons, the Magistrate Judge found the Petitioner fails to state a claim and this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III. Petitioner's Objection**

Petitioner filed a general objection to the Magistrate Judge's Report and Recommendation, moving for de novo review (doc. 12). Petitioner further filed a "Reply to Cross Claim" (doc. 13),

in which he asserts he has found an attorney willing to take his case, and that he believes there is still a copy of a July 24, 2006 letter of interim approval on file at the Cincinnati campus of the IRS.

**IV. The Government's Response**

The government responds that Petitioner's objection is so lacking in specificity that it fails to constitute a complete objection (doc. 14, citing Miller v. Curie, 50 F.3d 373, 380 (6th Cir. 1995). The government further contends that Petitioner's Supplemental Response shows he has an ability to bring suit as he now concedes he is able to find an attorney to work on his case (Id.). Finally, the government reiterates that Petitioner has failed to establish the other elements required by Rule 27 (Id.).

**V. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court agrees that Petitioner has not demonstrated that he is entitled to the deposition he seeks under Rule 27. Petitioner has shown himself able to bring suit in the past, and that has not changed, with or without the assistance of counsel.

The Court agrees that the government's motion to dismiss is well-taken. The facts show Petitioner's request for an award was denied, and that pursuant to policy, the document he seeks as

a basis for his award has long since been destroyed.

Under these circumstances, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 11), DENIES Petitioner's Rule 27 Petition (doc. 1), DENIES as moot Petitioner's Motion and Application for Default Judgment (doc. 5), GRANTS the government's Motion to Dismiss the Petition (doc. 6), and TERMINATES this matter on the Court's docket.

SO ORDERED.

DATED: February 7, 2012    /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge